O-4042

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Armstrong
County Auditor, Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-4042
Re: Authority of county to
establish and maintain
county parks.

Your request for an opinion of this department reads
in part:

"The Commissioners' Court of Tom Green County
has recently levied a tax under Article 6078,
Revised Civil Statutes of the State of Texas and
shall shortly begin a program of improving cer-
tain tracts of land acquired for the purpose of
county parks. In connection with such improve-
ments, there has been some discussion as to the
authority of the Commissioners' Court to sub-
divide certain tracts of county parks and to
erect cabins and cottages on such lots for the
accomodation of vacationists or tourists, the
rentals from such property to accrue to the credit
of the county park fund. It has also been suggest-
ed that certain lots might be sold to individuals
desiring to construct summer cottages in the county
park area. Some of the land now being used or con-
templated to be used for park purposes is land leased
by the county, these leases running from four to
ten years.

"In an effort to advise the Commissioners' Court
properly as to their authority regarding these
expenditures, I wish to certify the following
questions:

"Question No. 1. Does the county have authority,
in connection with the improvement of county parks,
to construct or purchase already constructed cabins

or cottages, and furnish, maintain, and operate
such cabins and cottages for the purpose of rent-
ing or leasing the same to vacationists and
tourists?

"Question No. 2. Does the county have authority
to subdivide a county park and sell or lease lots
to individuals for the purpose of erecting summer
cottages?

"Question No. 3. Does the county have authority
to expend county funds for park improvements to
be erected on land not owned outright by the county,
but held under a lease contract?"

Article 6078, Vernon's Annotated Civil Statutes, reads:

"Each Commissioners' Court is authorized to levy
and collect a tax not to exceed five (5) cents
on each one hundred dollars assessed valuation
of the county for the purchase and improvement of
lands for use as county parks. No such tax shall
be levied and collected until the proposition is
submitted to and ratified by the property taxpaying
voters of the county at a general or special elec-
tion called for that purpose, provided, a two-thirds
majority of the property taxpaying voters of such
county, at an election held for such purpose shall
determine in favor of said tax. If said court de-
sires to establish two or more of such county parks,
they shall locate them in widely separated portions
of the county. Said court shall have full power
and control over any and all such parks and may
levy and collect an annual tax sufficient in their
judgment to properly maintain such parks and build
and construct pavilions and such other buildings as
they may deem necessary, lay out and open driveways
and walks, pave the same or any part thereof, set
out trees and shubbery, construct ditches or lakes,
and make such other improvements as they may deem
proper. Such parks shall remain open for the free
use of the public under such reasonable rules and
regulations as said court may prescribe.

"Section 2. All parks acquired by authority of this Act shall be under the control and management of the county acquiring the same, provided that the Commissioners Court may by agreement with the State Parks Board turn the land over to the State Parks Board to be operated as a public park; the expense of the improvement and operation of such park to be paid by the county and/or cooperative Federal agencies according to the agreement to be made between such county and the State Parks Board."

We held in our Opinion No.0-905 that a county could build or purchase a baseball stadium to be used as a part of a county's park system.

We believe that portion of the above quoted article reading: "* * * and build and construct pavilions and such other buildings as they may deem necessary * * *" and "* * * make such other improvements as they may deem proper * * *" vests in the Commissioners' Court the authority to construct or purchase cabins and to operate the same as a part of the county park system. Your first question is answered in the affirmative.

Counties being component parts of the State, have no powers or duties except those clearly set forth and defined in the Constitution and statutes. The statutes of Texas have clearly defined powers, prescribed the duties and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. Edwards County v. Jennings, 33 S. W. 585; affirmed, 35 S. W. 1053.

The above quoted statute furnishes no authority to the commissioners' court to subdivide a county park for the purpose of selling or leasing lots therein nor to expend county funds for park purposes on land not owned by the county. Your second and third questions are answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_
Lloyd Armstrong
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

LA:EP